## J. P. REXFORD v. R. J. PULLEY.

1. PRACTICE. *Continuance.* The discretion of the Circuit Court in the matter of continuances will not be interfered with, unless it clearly appears that it has been improperly exercised.

2. SAME. *Charge upon facts not in the record. Effect of.* A charge upon a state of facts not in the record, is ground of reversal if calculated to mislead the jury, but such reversal will not be granted upon a mere abstract proposition wholly, without evidence to authorize it, and when

Rexford *v.* Pulley.

from its very nature, the jury could not have predicated their verdict upon it.

FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

JOHN LAWRENCE for Rexford.

BAXTER SMITH for Pulley.

MCFARLAND, J., delivered the opinion of the Court.

This is an action of replevin for a horse. The verdict and judgment were for the defendant. The plaintiff has appealed.

It is argued that the Court erred in refusing to grant the plaintiff a continuance. The action was commenced the 29th of April, 1867. The trial began the 27th of July, 1871; there had been previously a mistrial. The cause was called on the 12th day of July, and was, by the Court, in the presence of the counsel on both sides, fixed for the 18th of July, so that the plaintiff, who was absent, might be present. On the 18th the cause was again called, and the defendant was ready, and insisted upon a trial, but the plaintiff was not ready, because of the absence of his witnesses; the Court then continued the case until the 27th, to give the plaintiff further opportunity to get his witnesses. He, on that day, took out a subpœna for his witnesses, which he says was on that day put

Rexford *v.* Pulley.

into the hands of an officer, but the return of the officer shows he did not receive it until the 22d of July.

When the cause was called on the 27th, the plaintiff was still not ready, because of the absence of the witnesses for whom the subpœna was issued, it having been returned not executed. The Court required him to proceed, but reserving to him the right to examine his witnessses the next day, if they appeared without regard to the order of the testimony.

The plaintiff was then examined as a witness, himself, and having no other witness present, the defendant's testimony was heard. On the next day, the plaintiff introduced some seven witnesses, who were examined as witnesses in chief, going into the entire merits of his case. It does not appear whether these were all the plaintiff's witnesses or not. We think, surely, that this does not make a case of the improper exercise of discretion of the Court below. It has been repeatedly held, that the discretion of the Circuit Court as to continuances, will not be interfered with, except where there has been clearly an improper exercise of it. We think the Court granted the plaintiff ample indulgence; that the plaintiff was negligent in preparing his cause for trial, and, after all, it does not appear but what he finally had all the testimony he desired. It is next argued that the charge to the jury is erroneous. The plaintiff's testimony shows that his horse was stolen from him in Nashville, in the latter part of the year 1863; that he was not seen

again until found in the defendant's possession, in 1867. The Judge told the jury that, if the horse was so stolen from the plaintiff, that he would not thereby lose his title, but could recover him if found; but if the plaintiff had sold or exchanged his horse, and he afterwards came to the possession of the defendant, the plaintiff could not recover.

It is argued that this is a charge upon a state of facts not in the record, and this is true, as there is no evidence that the plaintiff ever sold or exchanged his horse. It has been held that a charge upon a state of facts not in proof, will be ground of reversal, if calculated to mislead the jury. But we have also held, that we will not reverse upon a mere abstract proposition like this, if we can see clearly that it could not have misled the jury. We cannot suppose that the jury predicated their verdict upon this proposition in the charge, without a particle of evidence to authorize it.

We are next strongly urged to reverse the judgment upon the ground that the evidence greatly preponderates against the verdict. The plaintiff and his witnesses are very positive that the horse in dispute is the same lost by the plaintiff in 1863, and they trace him back to where he was raised in Michigan. They, however, do not profess to have seen him from 1863 until 1867. The defendant, in his testimony, does not trace his title farther back than 1866, when he was purchased in Cincinnati.

We think, however, the jury had ample ground for

concluding that the plaintiff and his witnesses were wholly mistaken as to the identity of the horse. Experience shows how uncertain this sort of testimony is. The difference as to the age, gates, and other matters in regard to the horse, were well calculated to lead the jury to the conclusion that this is a totally different horse from the one lost by the plaintiff, notwithstanding the positive opinions of the plaintiff and his witnesses. This was a question peculiarly for a jury, and we do not entertain convictions against the correctness of their conclusions strong enough to authorize a reversal.

Let the judgment be affirmed.